UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: STELLA SIOMKOS,<br>Debtor,<br>STELLA SIOMKOS,<br>Debtor-Appellant,<br>v.<br>ALBERT TOGUT,<br>Appellee. | 26-CV-1164 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

This matter is an appeal from a bankruptcy case. *In re Stella Siomkos*, No. 24-10619 (S.D.N.Y. filed Apr. 11, 2024). Ms. Siomkos appeals an Order, ECF No. 201 (No. 24-10619), denying her request, ECF No. 196 (No. 24-10619), to "[v]acate all orders entered" in her bankruptcy case pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.

Ms. Siomkos has moved to stay her bankruptcy proceedings pending this appeal, ECF No. 3, and requested expedited consideration and oral argument on that motion, ECF No. 7. This case was initially assigned to Judge Subramanian and then reassigned to the undersigned on February 25, 2026, because Ms. Siomkos previously appealed a prior Order from her bankruptcy proceedings to this Court, *In re Siomkos*, No. 24 Civ. 8361 (S.D.N.Y. filed Nov. 1, 2024), and initiated a civil suit before this Court against Judge Beckerman, a trustee, and other unnamed individuals in connection with her bankruptcy proceedings, *Siomkos v. Beckerman*, No. 25 Civ. 4103 (S.D.N.Y. filed May 15, 2025). The facts and procedural history of those cases are addressed in this Court's Memorandum Opinion and Order affirming the Bankruptcy Judge's order in her

prior appeal. ECF No. 70 (No. 24 Civ. 8361). Ms. Siomkos has twice moved to reverse the reassignment. ECF Nos. 11, 16.

As a threshold matter, Ms. Siomkos has no basis to challenge the District's process for assigning cases as related. *U.S. v. Intern. Brotherhood of Teamsters*, 697 F. Supp. 710, 712 (S.D.N.Y. 1988) ("When a case is designated as related by a [litigant], the clerk's office forwards the complaint and the designation sheet to chambers. If the judge accepts the case as related, then a memorandum indicating the acceptance is sent to the assignment committee. If the judge does not accept the case, the file is returned to the assignment committee for assignment by lot. In either case, the parties have absolutely no say in the court's decision to accept or to reject the purportedly related case."). Accordingly, her two requests to reverse the reassignment are **DENIED**.

With respect to this latest appeal, the Federal Rules of Bankruptcy Procedure require that a notice of appeal "be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a). This requirement is jurisdictional, and district courts must dismiss appeals from bankruptcy court that do not comply with the rule, even in light of the leniency generally afforded to *pro se* litigants. *See Nestor v. Lynx Asset Services, LLC*, No. 25 Civ. 4242, 2025 WL 2444214, at *1-2 (S.D.N.Y. Aug. 25, 2025).

Here, Ms. Siomkos's appeal does not comply with Rule 8002(a). Ms. Siomkos appeals from an order in her bankruptcy case entered on December 30, 2025. ECF No. 201 (No. 24-10619). She filed this appeal on February 11, 2026. She did not seek or receive leave for an extension of the deadline to file her appeal pursuant to Rule 8002(a). *See Nestor*, 2025 WL 2444214, at *2. Accordingly, the Court lacks jurisdiction to hear her appeal and must dismiss this case.

The remainder of Ms. Siomkos's requests for relief are **DENIED as moot**.

The Clerk of Court is respectfully directed to close ECF Nos. 3, 7, 11, and 16, and to close this case.

SO ORDERED.

Dated: September 18, 2026
New York, New York

DALE E. HO
United States District Judge